# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MELANIE B. MUELLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-07-570-M |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Melanie B. Mueller ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405 (g) seeking judicial review of Defendant Commissioner's final decision denying Plaintiff's application for disability insurance benefits under the Social Security Act. This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Upon review of the pleadings, the record ("Tr.") and the parties' briefs, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

## Administrative Proceedings

Plaintiff initiated these proceedings by filing her application seeking disability insurance benefits in July, 2004 [Tr. 37 and 38 - 42]. She alleged that seizures, compression fractures, arthritis and osteoporosis resulted in disabling limitations as of April, 2004 [Tr. 39 and 82 - 83]. Plaintiff's claims were denied initially and upon reconsideration [Tr. 18 - 22 and 24 - 26]; at Plaintiff's request an Administrative Law Judge ("ALJ") conducted a June

2006 hearing where Plaintiff, who was represented by counsel, testified [Tr. 31 and 271 - 298]. In his August 2006 decision the ALJ found that Plaintiff retained the capacity to perform her past relevant work as a medical assistant and, accordingly, was not disabled within the meaning of the Social Security Act [Tr. 10 - 15]. The Appeals Council of the Social Security Administration declined Plaintiff's request for review [Tr. 4 - 6], and Plaintiff subsequently sought review of the Commissioner's final decision in this court.

**Standard of Review**

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Nonetheless, while this court can neither reweigh the evidence nor substitute its own judgment for that of the ALJ, the court's review is not superficial. "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988) (citation omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* at 299.

**Determination of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.§423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §404.1520(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving that she has one or more severe impairments. 20 C.F.R. § 404.1512; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Then, if Plaintiff makes a prima facie showing that she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Turner,* 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

**Analysis of Plaintiff's Claims of Error**

Plaintiff's overarching contention on appeal is that the ALJ failed to consider the side effects of her medications in connection with her ability to work. Specifically, Plaintiff maintains that the ALJ erred in assessing both her credibility and her residual functional

capacity ("RFC")[1] and, in addition, erred in concluding that Plaintiff could return to her previous work as a medical assistant.

In his hearing decision, the ALJ concluded that although Plaintiff was severely impaired by thoracic compression fractures and osteoporosis, she was not precluded by her RFC from performing her past work as a medical assistant [Tr. 12 and 15]. The ALJ noted Plaintiff's claim that her activities of daily living are negatively impacted by the effects of pain, and he also listed her reported medications: "Gabitril, an anti-epilepsy drug; Topomax, an anti-epilepsy drug; Lortab, a narcotic analgesic; Zanaflex, a muscle spasticity reducer; . . . Kadian, an opioid analgesic[;] . . . Lexapro, an antidepressant; Retoril, a sedative; and Celebrex, a non-steroidal anti-inflammatory." [Tr. 12]. In addition, the ALJ stated that Plaintiff alleges "a history of migraine headaches, trouble with her right shoulder and lower back, carpal tunnel syndrome, and neck disk bulge . . . [and that] she will undergo surgery on both thumbs." [Tr. 12 - 13]. The ALJ did not, however, reference Plaintiff's testimony that she began to have problems with concentration after starting a regimen of Kadian and Lortab in April, 2004 nor did he discuss her testimony that these concentration difficulties led to the termination of her work as a medical assistant [Tr. 275 - 277]. Likewise, there is no discussion by the ALJ of Plaintiff's testimony as to her continued use of these and other

---

[1] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545 (a) (1).

medications and to her continued difficulties with concentration[2] and forgetfulness [Tr. 278 - 283].

Plaintiff's claim that she is restricted by the side effects of her medication regimen was squarely presented to the ALJ and was underscored by her attorney at the administrative hearing. At the hearing's inception, information from the *Physician's Desk Reference* about several of these drugs was placed into evidence [Tr. 104 - 123 and 273 - 274]; the drowsiness consistently noted by Plaintiff in connection with her use of Kadian and Lortab [Tr. 87 and 93] is listed in this information as a side effect of both medications [Tr. 107 and 111]. And, when asked at the hearing's conclusion if she had anything else to offer, Plaintiff's counsel stated that "I think she takes enough medication probably to keep her from being able to go function in the workplace in any kind of competitive work environment." [Tr. 297].

As a part of his credibility assessment, the ALJ made his *only* mention of the side effects of medication:

> Specifically, consideration has been given to the claimant's daily activities; location, duration, frequency, and intensity of pain or other symptoms; precipitating and aggravating factors of pain; type, dosage, effectiveness, and side effects of medication to relieve pain or other symptoms; treatment other than medication; and other measures taken by the claimant to relieve symptoms. After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

---

[2] It is worth noting that when Plaintiff took part in a face-to-face interview in November, 2004 in connection with the State agency disability determination, the interviewer observed that Plaintiff had difficulty in concentrating and "went off the subject several times." [Tr. 80].

[Tr. 14]. The ALJ went on to explain why he did not believe certain of Plaintiff's claims – lifting ability, migraine headaches and carpal tunnel difficulties – but he failed to explain why he did not believe that the side effects of her medications limited her ability to work.

In responding to Plaintiff's claim that the ALJ failed to consider the side effects of her medications, the Commissioner argues that the ALJ's statement that he had considered the side effects is enough and that under the law of the Tenth Circuit, a lower tribunal is taken at its word[3] [Doc. No. 13, p. 9]. In this regard, there is no question that "credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995) (citation omitted). "However, [f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Id.* (citation and internal quotation marks omitted). *See also Hamlin v. Barnhart,* 365 F.3d 1208, 1221 (10th Cir. 2004). Here, the ALJ failed to supply the reasons why he did not believe Plaintiff's claim that she was restricted by side effects from her medications. In light of the ALJ's failure to link his finding to *any* evidence of record, remand is required.

---

[3] The Commissioner also asserts that Plaintiff's treatment records demonstrate that her pain levels were at their lowest during a time period when she limited her use of Kadian because of its sedating side effects [Doc. No. 13, p. 10]. The Commissioner then concludes that Plaintiff has failed to "establish[] that her impairments required medications with side effects more limiting than the ALJ's RFC reflects." *Id.* The merits of the Commissioner's argument aside, post hoc rationalizations cannot be accepted by the court. See *Haga v. Astrue*, 482 F.3d 1205, 1207-1208 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." (citation omitted)).

**RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the foregoing reasons, it is recommended that this matter be reversed and remanded for further proceedings in accordance with this report. The parties are advised of their right to object to this Report and Recommendation by May 7, 2008, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 17th day of April, 2008.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE